## In re DENNEY.

### No. 2343.

District Court, N. D. Indiana, Fort Wayne Division.

Oct. 7, 1942.

Elmer McClain, of Lima, Ohio, for debtor.

Burl A. Myers, of Celina, Ohio, for Ft. Recovery Banking Co.

SLICK, District Judge.

Applicant, Guy Carleton Denney, a farmer-debtor, files his application praying that his three years' stay be preserved; that a rental order heretofore entered by the Conciliation Commissioner pursuant to the direction of this Court, be revised in accordance with the statute.

It appears that on September 4, 1940, the Conciliation Commissioner, pursuant to an order of this Court, fixed a fair rental value of the farmer-debtor's property and in doing so erroneously fixed a fair rental of said property for the years 1937, 1938 and 1939, ante-dating the issuance and entry of the order directing him to fix said rental values. However, he fixed the rental values for 1940, 1941, 1942 and 1943 at $420 per annum.

The farmer-debtor complains of this order because he says the Conciliation Commissioner exceeded his powers when he fixed the rental for 1937, 1938 and 1939, ante-dating the order directing him to fix a fair rental value of the said property. Counsel for said farmer-debtor claims that the order of the Conciliation Commissioner is not merely unlawful but that it is void and a nullity. He admits, however, on page 6 of his brief, "that a judgment may be good in part and bad in part, good to the extent it is authorized by law and bad for the residue."

I agree with counsel. In the light of the decisions of the Supreme Court I believe that part of the Conciliation Commissioner's order fixing the rentals before the order of September 4, 1940, exceeded the power of the Conciliation Commissioner. However, that part of the order fixing the fair rental value of said property for the years 1940, to 1943 inclusive is perfectly clear and valid. The order was made in September, 1940. The debtor was to begin his rental payments Nov. 1, 1940, and continue them down to Nov 1, 1943. If the farmer-debtor had ignored all payments prior to Feb. 1, 1941, and had paid as directed $200 every six months down to the present date and including Aug. 1, 1942, he would have paid in as rental $1,430. That part of the order fixing the rental value from Nov. 1, 1940, to Nov. 1, 1943, is perfectly clear and understandable and the only conclusion the Court can come to is that the farmer-debtor obstinately and contumaciously refused to make any payments whatsoever, although retaining possession of the land through tenants and pocketing all the income.

He attempts in his brief and states in his application for a three-year stay addressed to this Court, to inform this Court that because he believed and still believes said order of the Conciliation Commissioner to be void that "he instructed his counsel to prepare and file the necessary papers to

obtain a review of said order of September 4, 1940 by the Judge of this Court" and that his counsel complied with his said instruction by filing the proper petition for review with said Conciliation Commissioner. This is not true. The records of the Conciliation Commissioner do not show the filing of any petition for review, although practically two years have run since the entry of that order.

Former counsel for the debtor in open court stated to the Court that no such petition was filed by him. He did say to the Court that following instructions from his client, the farmer-debtor, he prepared a petition for review of the order as to rent and an assignment of errors and mailed the same to the farmer-debtor. For the farmer-debtor now to say to this Court in defiance of the record of the Conciliation Commissioner and in defiance of the true facts in the case, that he did file petition for review, amounts, in my opinion, when taken together with the fact that he has never attempted to comply in any way with any of the orders heretofore issued, by the payment of anything as rent for said property, to contumacious conduct. Contumacious as defined in Webster's Unabridged Dictionary, means obstinate, stubborn, disobedient and rebellious, and in my opinion the farmer-debtor has been guilty of all these things.

Having abandoned possession, except technically, and moved a long distance from the land and engaged in other lucrative business, and having failed to pay anything for five years, although enjoying the entire crop income from said land, and having neglected to appeal from any of the orders of this Court or its Conciliation Commissioner, and having appeared personally and by counsel and consented to the entry of such orders, with none of which he has attempted to comply, it seems to me, shows obstinacy and contumacy on his part.

It is hard for this Court to understand how he can brazenly assert that his counsel filed petition for review from the order of the Conciliation Commissioner in the face of the facts. It should be remembered that after failing to petition for review, the farmer-debtor appeared in open court personally and by counsel and requested the Court to make the order with which he has continuously failed to comply.

Counsel for the debtor cites Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 960, 84 L.Ed. 1222, as authority that no matter what agreements have been made, the Court must follow the orderly procedure of the statute in order to give validity to its acts. But I do not read the Borchard case, supra, as going as far as counsel interprets the same.

The Supreme Court took particular pains after reciting a certain stipulation to state that such stipulation reserved the rights of parties and were to be without prejudice. The Supreme Court further said in that case that: "The court may order rent to be paid by the debtor, may order him to make payments on account of principal, and, in its continuing control over the property, may enter any other orders for the protection of the debtor and secured creditors which the situation requires. Failure of the debtor to comply with any such orders may eventuate in a sale."

Debtor, personally and by counsel in open court specifically waived his right under the statute to have the land in question reappraised. The Court approved this action and at his request entered an order to that effect and providing that he should have the right to redeem at the value, agreed upon, of $8,680. On default of such payment on or before August 17, 1942, the land was to be sold.

Surely a party litigant may waive his statutory rights, if he does so with full knowledge and has the benefit of competent counsel. Defendants in criminal actions may waive the Constitutional privilege of trial by jury or the right to be arraigned only after the return of an indictment by a grand jury. The Act of Congress known as the Frazier-Lemke Act, 11 U.S.C.A. § 203, was for the benefit of distressed farmers, who, in good faith, were trying to rehabilitate themselves. It was never intended to aid those who, by their acts, in and out of court, attempt to take advantage of its provisions, and give nothing in return. There is no rhyme or reason in holding that the rights extended under this law cannot, under any circumstances be waived. I think the farmer-debtor effectually waived his right to a re-appraisement, when he agreed, in open court, personally and by counsel, to the entry of the order of June 17, 1942. He has not attempted, in any way, to comply with any of the provisions of said order.

He has failed to comply with any order of the Court and for that reason and for the further reason that he failed

continually to petition for a review of the order of the Conciliation Commissioner made in September, 1940, I am of the opinion that the application of the secured creditor for the appointment of a trustee to sell the land in question should be sustained.